LANE, J.
The deed to the defendants and their successors, they not being a corporation, vests, in law, a life estate only in the grantees. The equitable estate may subsist for the benefit of the society, and chancery may enforce the trust, but the legal fee, after the *146 determination of the lives, reverts to the grantor and his heirs. To prevent the evil consequences resulting from this operation of the law, the legislature have exercised a salutary power, and by statute 145] *29 O. L. 464, have created a new legal estate in the board of trustees, elected according to the usages of the society, who are invested with corporate powers. This law provides for such estates as are conveyed to religious societies, passing in perpetual succession to such trustees as shall from time to time be elected by such society according to its rules, and empowers such trustees for the time being, to sue, and do all acts deemed necessary for the preservation and improvement of the property, that individuals might do as to their own property. By the operation of this law, the former legal fee is extinguished. The same effect is wrought by this statute as resulted from the operation of the statute of uses, where the holder of the estate, at law, was divested of his title, and the equitable interest of the cestui que use was transmuted into a legal estate.
It is urged that the law does not permit more than twenty acres to be appropriated to the use of any society, and the quantity in the Methodist Society of the United States already far exceeds that quantity. We give a more restricted meaning to the word “ society,” andhold that it is applicable to that religious congregation for whose-use the land is wanted for the purposes expressed in the act, or to that society who meet for worship in any one place. And although this deed was made before the passage of the act, we hold it perfectly within the power of the legislature to mould or change the tenure of property, in such manner as will best conduce to its due enjoyment by its legitimate owner.
Judgment for the plaintiffs under the agreement.
[Title of trustees not subject for chancery suit; Harper v. Crawford, 13 O. 129, 130.]